995 F.2d 1066
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph CAIRNS, Tom Salisbury, Robert Lyman Smith, Martha D.
Nelson, John Jarema, Plaintiffs-Appellants,
v.
BRIDGESTONE/FIRESTONE, INC., and Bridgestone/Firestone, Inc.
Pension Board, Defendants-Appellees.
 Nos. 92-3623, 92-3656.
 United States Court of Appeals, Sixth Circuit.
 June 8, 1993.
 
 Before: KENNEDY, NORRIS, and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this ERISA action, plaintiffs Joseph Cairns, Tom Salisbury, Robert Smith, Martha Nelson, and John Jarema challenge the district court's grant of summary judgment in favor of defendants Bridgestone/Firestone, Inc. (Firestone) and Bridgestone/Firestone, Inc. Pension Board (Pension Board). For the following reasons, we AFFIRM.
 
 I.
 
 2
 Plaintiffs, retirees of Firestone, are covered by a lifetime retiree health benefit plan (the Plan), which is part of a settlement agreement between the parties. See Kennedy v. Firestone Tire & Rubber Co., No. C85-2084A, slip op. (N.D.Ohio 1989). At the time the parties entered into the settlement, the Medicare Catastrophic Coverage Act of 1988 (MCCA) had been enacted and was to take effect over the years of 1989, 1990, and 1991. The MCCA increased both Medicare Part A benefits, which cover hospital expenses, and Medicare Part B benefits, covering physician services. The MCCA was repealed however on January 1, 1990.[1]
 
 
 3
 As a direct consequence of the MCCA's repeal, Firestone assessed a supplemental premium to cover the increase in health costs pursuant to paragraph 7.H of the settlement agreement. That paragraph provides, in pertinent part:
 
 
 4
 Notwithstanding any other provision of this Settlement Agreement, Firestone will not assume any increased costs resulting from any reduction of benefits under Medicare or any other government health care or related program, but shall collect a supplemental premium in the manner provided in Paragraph 7.F and in an amount actuarially determined by Firestone to cover increased costs resulting from any such reduction of benefits.
 
 
 5
 Plaintiffs appealed Firestone's decision to the Pension Board, arguing that because the MCCA never actually went into effect, there was no decrease in benefits actually provided and that, absent an actual decrease, paragraph 7.H did not apply. The Pension Board upheld the assessment. Plaintiffs then brought suit, arguing that defendants had violated the Plan under ERISA, 29 U.S.C. § 1132(a); had breached their fiduciary duties under ERISA, 29 U.S.C. § 1104; and had breached the settlement agreement in violation of state law. The district court granted summary judgment for defendants.
 
 II.
 A.
 
 6
 Plaintiffs argue that the district court erred in basing its decision on the terms of the Plan instead of the settlement agreement. The district court upheld the supplemental assessment pursuant to § 6.03 of the Plan.[2] Because § 6.03 of the Plan is almost identical to paragraph 7.H of the settlement agreement, the court's reference to § 6.03 instead of paragraph 7.H, be it error at all, is immaterial. This contention is without merit.
 
 B.
 
 7
 Plaintiffs also contend that the district court erred in applying an arbitrary and capricious standard of review to the Pension Board's interpretation of the Plan. We disagree.
 
 
 8
 After Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989), it is settled that a denial of benefits challenged under § 1132(a)(1)(B) is reviewed under a de novo standard unless the ERISA plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. Id. at 115. Although the holding of Bruch is limited to "actions challenging denials of benefits," id. at 108, in contrast with the instant case which challenges the assessment of a supplemental health insurance premium, we believe that the rule is equally applicable here because the core of both claims is that a plan administrator erroneously interpreted a plan provision.
 
 
 9
 The Plan gives the Pension Board "sole and absolute discretion to interpret where necessary the provisions of the Plan" and "to resolve questions or disputes arising under the Plan." See Plan § 10.01. Thus, on appeal we review the Pension Board's decision under the arbitrary and capricious standard.
 
 
 10
 The Pension Board found that the MCCA's repeal had increased long-term costs and that paragraph 7.H of the settlement agreement, as implemented in § 6.03(f) of the Plan, allowed Firestone to assess a supplemental premium to cover these costs. We find nothing in the record to call this ruling into question. "Without a showing of internal inconsistency or bad faith or some other ground for calling [an administrator's] determination into question, the arbitrary and capricious standard demands affirmance." Davis v. Kentucky Finance Cos. Retirement Plan, 887 F.2d 689, 695 (6th Cir.1989), cert. denied, 495 U.S. 905 (1990). We therefore affirm.[3]
 
 C.
 
 11
 Plaintiffs' final contention is that the district court incorrectly held that their claim for breach of the settlement agreement was preempted by ERISA, 29 U.S.C. § 1144(a). Section 1144(a) provides that:
 
 
 12
 [T]he provisions of [ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan....
 
 
 13
 Id. "The pre-emption clause is conspicuous for its breadth." FMC Corp. v. Holliday, 111 S.Ct. 403, 407 (1990). A state cause of action "relates to" an ERISA plan if "it has a connection with or reference to such a plan." Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 739 (1985). In the instant case, the state cause of action for breach of the settlement agreement "relates to" the Plan because, in essence, the settlement agreement is the Plan. A determination that paragraph 7.H of the settlement agreement had been breached would equal a finding that defendants had violated § 6.03 of the Plan because the two provisions are virtually identical. Because of the direct relationship between the state cause of action and the Plan, we find that plaintiffs' claim for breach of the settlement agreement is preempted by § 1144(a).
 
 III.
 
 14
 For the foregoing reasons, we AFFIRM the thorough and well-reasoned opinion of the district court in all respects.
 
 
 
 [1]
 In 1991, the MCCA would have added coverage for out-patient prescriptions
 The MCCA also provided that employers had to pass on savings realized in 1989 due to the MCCA's expanded Part A coverage to the retirees; thus, no immediate savings was realized by employers.
 
 
 [2]
 Section 6.03 states, in pertinent part:
 The Company, in addition to the increase in premium contributions permitted by Subsections (b) and (c), may impose and collect supplemental premium contributions in an amount actuarially determined from time to time by the company ... equal to the increased cost of the Plan resulting from any reduction of benefits provided as of January 1, 1989 by Medicare or any other governmental health care or related program.
 
 
 [3]
 Plaintiffs also contend that the Pension Board's decision is tainted by a conflict of interest in that the Pension Board is part of Firestone and is self-interested in limiting the costs incurred by Firestone. We note that such a conflict does not preclude application of the arbitrary and capricious standard of review, but is simply a factor to be considered in determining whether a decision was arbitrary and capricious. Bruch, 489 U.S. at 115. Here, the conflict did not affect the Pension Board's decision, and did not render the decision arbitrary or capricious